(No. 15721.—Decree affirmed.)
WILLIAM F. MAHLER, Appellee, *vs.* ELSA W. E. STAACK,
Appellant.

*Opinion filed February 19, 1924—Rehearing denied April 3, 1924.*

PARTITION—*party taking half interest in contract to purchase may pay amount due on contract and have partition.* A party to whom has been assigned a half interest in a contract to purchase property by the payment of installments of the purchase price may pay the entire balance due on the contract and secure the title for the benefit of himself and his co-tenant, and, having acquired the tenancy in common, he will be entitled to partition and an accounting as to the amount which he has paid over and above his share of the purchase price.

APPEAL from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

OTTO SCHUSTERMAN, for appellant.

CHARLES R. CASLER, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellant, Elsa Staack, entered into a contract June 20, 1916, to purchase a lot improved with a bungalow for the sum of $4900. The property was encumbered by a mortgage amounting to $2800, and this mortgage appellant assumed and agreed to pay. The balance of the purchase price was to be paid at the rate of $35 or more a month. December 1, 1916, she assigned to her half-brother, William Mahler, appellee, a one-half interest in the contract. He reimbursed her for one-half of the amount she had already paid and assumed one-half of the obligations of the contract. Appellant, appellee and their mother occupied the premises as a home. In the spring of 1920 a garage was erected on the lot. June 17, 1921, appellee, who was then twenty-one years of age, married contrary to the wishes of his mother and sister, and they refused to allow him and

his bride to enter the house. Appellee, being unable to effect an amicable settlement with his sister, paid the balance of $629.52 remaining due on the contract and had a deed executed conveying the property to him and his sister. Thereupon he filed a bill for partition. The cause was referred to a master, who took and reported the evidence and recommended a decree in accordance with the prayer. The chancellor overruled exceptions to the master's report, entered a decree awarding partition, and this appeal followed.

The testimony is conflicting and no useful purpose can be served by setting it out in detail. Appellee testified that he fulfilled his obligations under the contract; that he furnished the money with which to meet his half of the monthly payments, taxes, interest, repairs and improvements; that he built the garage at his own expense under an agreement with appellant that he was to have credit for the amount in their final settlement. Appellant testified that appellee paid nothing on the property after the initial payment when she assigned to him one-half of the contract; that he did not furnish money with which to meet the payments and other expenses connected with the purchase and maintenance of the property; that she paid all of the purchase price and up-keep from her own funds; that she did not authorize the erection of the garage, but specifically forbade him to build the garage except with the understanding that he was to build it and maintain it at his own expense. The master, who saw and heard these witnesses testify, found the issues for appellee, and we are unable to find anything in the record which justifies our reaching a different conclusion. During all the time the transactions in controversy were taking place the appellee was employed at substantial wages, most of the time earning twice as much as appellant. During the early months of this contract her compensation was but $15 a week. It is difficult to see how, after deducting the amount necessary for her board, cloth-

ing and other incidental expenses, she could have enough left to meet the monthly payment of $35, together with interest, taxes, repairs and improvements. The version of the controversy given by appellee is the more reasonable one and seems to be supported by surrounding circumstances. Appellee and appellant had equal rights under the contract to purchase, and either of them had a right to pay all the installments remaining unpaid and thereby secure the title for the benefit of himself and his co-tenant. After the title was conveyed to them under the circumstances shown by this record, they became tenants in common, and under the statute either of them was entitled to demand partition.

We find no error in the record, and the decree is therefore affirmed.

*Decree affirmed.*